# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2021

Lyle W. Cayce
Clerk

No. 20-60645
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jimmie Terrell Harrison,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-98-1

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Jimmie Terrell Harrison, federal prisoner # 20912-043, pleaded guilty to possession, with intent to distribute, more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to, *inter alia*, 240-months' imprisonment, a term below the advisory

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60645

Sentencing Guidelines range. Harrison, proceeding *pro se*, challenges the district court's denial of his motion for a sentence reduction (seeking compassionate release) pursuant to 18 U.S.C. § 3582(c)(1)(A), asserting the court failed to consider all of the 18 U.S.C. § 3553(a) sentencing factors. (To the extent Harrison claims he is being subjected to a cruel and unusual punishment in violation of the Eighth Amendment and that COVID-19 has stopped all programming, vocational training, other needed treatment, and employment within the prison, we need not reach these claims, because the court properly disposed of the sentence-reduction motion after considering the § 3553(a) factors.)

A district court's denying a § 3582(c)(1)(A) motion is reviewed for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may reduce a defendant's sentence, after considering the applicable § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction". 18 U.S.C. § 3582(c)(1)(A)(i).

Despite Harrison's assertions to the contrary, the court properly considered the applicable § 3553(a) factors. It explicitly considered: the seriousness of Harrison's offense; his criminal history, including a prior felony conviction for the sale of a controlled substance; the need to promote respect for the law; the need to provide just punishment; and the need for specific and general deterrence. *See* 18 U.S.C. § 3553(a)(1), (2). Moreover, the court noted: Harrison received a below-Guidelines sentence; he had served less than ten percent of his sentence; and he was in possession of a dangerous firearm at the time of his arrest. Because the court did not rely on an impermissible, or fail to consider a relevant, sentencing factor, it did not abuse its discretion in denying the motion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020).

AFFIRMED.